[Civ. No. 1883.   First Appellate District.—January 12, 1917.]

## R. G. HARRELL, Respondent, v. FRESNO TRACTION COMPANY (a Corporation), Appellant.

NEGLIGENCE — PASSENGER ALIGHTING FROM STREET-CAR — CONTRIBUTORY NEGLIGENCE—ANSWER—ISSUE NOT RAISED.—In an action for damages for personal injuries sustained by a street-car passenger while in the act of alighting from the car, the subject of contributory negligence is not an issue in the case so as to require the giving of any instructions thereon, where the answer alleges that the plaintiff had fallen and injured himself by his own act after his relations to the defendant as a passenger had been fully terminated, as contributory negligence in its very essence is predicated upon conceded negligence on the defendant's part while the plaintiff's relation to it as a passenger, and its resulting duty to him as such, were still existent.

ID.—CONTRIBUTORY NEGLIGENCE — NATURE OF PLEA.—The plea of contributory negligence is one of confession and avoidance, and is predicated upon the existence of negligence on the part of the defendant.

ID.—MANNER OF ALIGHTING FROM CAR—TESTIMONY OF PLAINTIFF—CON-
TRIBUTORY NEGLIGENCE NOT INTRODUCED BY.—The issue of contribu-
tory negligence is not introduced into such an action by the testi-
mony of the plaintiff that he faced backward instead of forward
in the act of alighting from the car, where it is also shown that he
was otherwise using great care, and the manner of his alighting was
due to his crippled physical condition.

APPEAL from a judgment of the Superior Court of Fresno
County.   George E. Church, Judge.

The facts are stated in the opinion of the court.

Everts & Ewing, Short & Sutherland, and Carl E. Lind-
say, for Appellant.

Harris & Hayhurst, for Respondent.

RICHARDS, J.—This is an appeal from a judgment in
the plaintiff's favor for the sum of one thousand five hundred
dollars and costs of suit in an action brought to recover dam-
ages for personal injuries.

The plaintiff alleged in his complaint that he was a pas-
senger for hire upon one of the cars of the defendant oper-
ated along and upon the streets of Fresno; that when the car
had proceeded along its route to a certain street it stopped
to enable the plaintiff and other passengers to alight there-
from; that while the plaintiff was in the act of alighting from
said car, and while partly thereon, having his left foot upon
the ground and his right foot upon the running-board, and
while still holding on to the upright stanchion with his right
hand, the employees of the defendant in charge of the car
negligently caused the said car to be suddenly and violently
started forward, causing the plaintiff to be thrown to the
ground, breaking his left leg and causing other injuries and
damages as detailed in the complaint.

The answer of the defendant admitted that the plaintiff
had been a passenger upon its said car, but denied that the
car had been started until after the defendant had fully
alighted and separated himself from the car.   The answer
also undertook to set up that the plaintiff had been guilty of
contributory negligence, which was specifically alleged to
have consisted in the plaintiff having fallen and injured him-

self by his own act after he had fully alighted from the car and ceased to be a passenger thereon.

Upon the issues as thus defined the cause went to trial, which resulted in the judgment in plaintiff's favor from which this appeal has been taken.

The first contention of the appellant is that the evidence is insufficient to support the judgment; but in view of the fact as shown by the record, that the plaintiff testified circumstantially to the manner in which his injuries had occurred, and in which they were caused by the negligence of the defendant's employees in starting the car while he was in the act of alighting from it as set forth in his complaint—in which testimony he was supported in some degree by the testimony of another witness and by certain other circumstances in the case—it cannot be said that the verdict would not be sufficiently supported by such evidence if the jury saw fit to give greater credence to it than to that of the greater number of the defendant's witnesses. There is no merit therefore in the plaintiff's first contention.

The appellant further contends that the court erred in giving certain instructions to the jury relating to the subject of contributory negligence. Passing for the moment the question of the alleged defects in these instructions, we have failed to find anything in the record which would require the giving of any instructions whatever upon the subject of contributory negligence. It is true that the defendant in its answer undertook to plead that the plaintiff had been guilty of contributory negligence; but in so doing it had set forth specifically wherein such alleged contributory negligence consisted, viz., that the plaintiff had fallen and injured himself by his own act, and after his contact with the car had ceased, and his relations to the defendant as a passenger upon said car had been fully terminated. It is clear that these alleged acts of the plaintiff could not by any possibility be contributory negligence, for the simple reason that contributory negligence on the part of the plaintiff is in its very essence predicated upon conceded negligence on the defendant's part, while the plaintiff's relation to it as a passenger, and its resulting duty to him as such, were still existent. The plea of contributory negligence is, in other words, a plea of confession and avoidance, and hence could not arise under the circumstances set

forth in the defendant's answer.   (*Crabbe* v. *Mammoth Channel G. M. Co.*, 168 Cal. 500, [143 Pac. 714].)

The appellant, however, insists that the plaintiff himself introduced the element of contributory negligence into the case by his testimony detailing his manner of alighting from the car. The plaintiff in that respect testified that in getting off the car he placed his left foot first upon the ground and had his right foot upon the running-board of the car, with his right hand holding its stanchion, at the time the car started. He was thus facing backward instead of forward while in the act of alighting. But the undisputed evidence both of the plaintiff and of the witnesses for the defendant was that he was otherwise using great care in getting off the car, which the plaintiff swore was due to the fact that his left leg long years before had been injured during the Civil War, and was therefore shorter and weaker than the right leg, which caused him customarily to put his left leg down first in getting off cars, and hence to face backward in alighting. We fail to perceive how the manner of the plaintiff in alighting from the car would constitute contributory negligence on his part. It was the duty of the defendant to hold its car in a standing position until he had fully alighted from it; and the plaintiff in getting off the car had a right to rely upon the full performance of that duty on the defendant's part; and this being so, his act in getting off the car in the manner in which he did, due to his crippled physical condition, could not be contributory negligence on his part. We are still therefore in the position of being unable to perceive how the subject of contributory negligence could be an issue in the case so as to require the giving of any instructions upon that subject.

In spite of this condition of the case, however, both of the parties submitted instructions to the court upon the subject of contributory negligence, and the court gave the instructions asked by both of the parties to the case. We have examined the entire body of the instructions thus given to the jury, and are of the opinion that taken as a whole they fairly set forth the law of contributory negligence; and we are also of the opinion that even if they did not quite fully and fairly do so, the defendant was not prejudicially affected by that fact in view of what has heretofore been said as to the absence of such an issue in the case.

32 Cal. App.—33

There being no other error complained of the judgment is affirmed.

Lennon, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 12, 1917.